DOMENGEAUX, Chief Judge,
concurs in the result.
I agree with the result reached in the main opinion, but disagree with the reluctance to rely definitively on the case of First Federal Savings & Loan Association of Lake Charles v. Jones, 620 So.2d 408 (La.App. 3d Cir.1993), an authoritative ease decided a few months ago by a panel of this court. As explained in Jones, prescription under La.C.C. Art. 2041 cannot begin to run until there is both a wrongful act and resultant damages. In Jones, the date prescription began to run was the date of a deficient sheriffs sale, a year and a half after the transfer sought to be annulled by the plaintiff bank. During that year and a half, the bank had no cause of action because it had sustained no damages until its security turned out to be deficient.
Likewise, in this case, the $1,500 transfer by the defendants, which is sought to be annulled by Premier Bank and First Federal, occurred on September 7, 1988. That is the date of the alleged wrongful act. But First Federal sustained no damages until its security was found to be deficient which was some time prior to August 1, 1989 (the date First Federal obtained three deficiency judgments against the defendants.
As noted in Jones, the public records doctrine means that recordation will put a creditor on notice “of the possibility that it [has] been damaged.” 620 So.2d at p. 411. Therefore, First Federal knew or should have known of the $1,500 transfer as the time of its recordation. Accordingly, the one year prescriptive period began to run when First Federal sustained damages at the time of the deficient sheriffs sale, i.e., prior to August 1, 1989. First Federal’s suit filed more than two years later was untimely; therefore, I agree that the trial judge properly granted the defendants’ exception dismissing the action to revoke the $1,500 transfer.
Concerning Premier Bank, however, it is clear, under Jones, that the defendants’ exception of prescription was improperly granted, as the majority opinion discusses. I concur in this part to point out that the Jones case requires a finding that the trial judge’s ruling on the exception of prescription was incorrect; the dismissal, however, of Premier Bank’s claim may be properly based on an exception of no cause of action which we have noticed sua sponte. Whether Premier Bank has a cause of action is a question for the trial court to decide after an evidentiary hearing.